```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY RASHAN LEWIS            :    CIVIL ACTION
                                :
          v.                    :
                                :
WILLIAMS J. WOLFE, et al.       :    NO. 13-7269
_____ :    _____
                                :
RODNEY LEE WALTON               :    CIVIL ACTION
                                :
          v.                    :
                                :
LOUIS FOLINO, et al.            :    NO. 13-7689
```

MEMORANDUM

Bartle, J.                                              April 13, 2017

Before the court are the motions by respondents for a stay pending appeal of this court's orders dated March 30, 2017. In those orders, this court conditionally granted the petitions of Anthony Rashan Lewis and Rodney Lee Walton for writs of habeas corpus under 28 U.S.C. § 2254 and ordered petitioners released from custody unless they are resentenced on or before July 31, 2017.

Petitioners, who were co-defendants, were convicted of second degree murder in the Court of Common Pleas of Lancaster County, Pennsylvania and sentenced in 1997 to life imprisonment without the possibility of parole. Both were 17 years old and thus juveniles on May 22, 1996, the date of the murder. We have been advised that they were taken into custody shortly after the crime took place and have been in custody ever since.

In Miller v. Alabama, 132 S. Ct. 2455 (2012), the Supreme Court of the United States held that it is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment to impose a mandatory life sentence without the possibility of parole on a person who was a juvenile at the time of the commission of the crime.[1]  The Court was particularly offended that under this rigid sentencing scheme the sentencing court does not take into consideration the individual history and circumstances of the juvenile to be sentenced.  The Court explained, "given all we have said . . . about children's diminished culpability and heightened capacity for change, we think appropriate occasions for sentencing juveniles to this harshest possible penalty will be uncommon."  Id. at 2469.  The Court in effect ruled that it was unconstitutional to take a "one size fits all" approach.

Lewis and Walton were sentenced long before the Supreme Court's decision in Miller.  In Montgomery v. Louisiana, 136 S. Ct. 718 (2016), the Supreme Court applied Miller retroactively and thus made it applicable to petitioners.

---

1.  The Eighth Amendment to the Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.  The prohibition against cruel and unusual punishments applies to the states through the Due Process Clause of the Fourteenth Amendment.  Robinson v. California, 370 U.S. 660, 666 (1962).

Near the end of 2013, the Court of Appeals for the Third Circuit granted motions of Lewis and Walton to file a second or successive petition under 28 U.S.C. § 2254 on the basis that they had made a prima facie showing that they were entitled to relief under Miller. In re: Anthony Rashan Lewis, No. 13-1225 (3d Cir. Dec. 12, 2013); In re: Rodney Lee Walton, No. 13-2652 (3d Cir. Dec. 31, 2013). The matters were stayed pending a decision by the Supreme Court in Montgomery.

In post-conviction proceedings in Lancaster County, the Common Pleas Court on April 13, 2016 granted the petitions of Walton and Lewis for relief and scheduled the resentencings on November 1 and November 2, 2016, respectively. As a result, this court granted a stay of their § 2254 petitions on April 20, 2016 based on assurances that the resentencings would take place on the scheduled dates in early November. Without notification to this court, the District Attorney of Lancaster County on May 17, 2016 obtained a stay from the Court of Common Pleas of the November 1 and 2, 2016 resentencings pending the decision of the Pennsylvania Supreme Court in Commonwealth v. Batts, 135 A.3d 176 (Pa. 2016). Argument took place in the Pennsylvania Supreme Court in Batts on December 7, 2016. Commonwealth v. Batts, No. 45 MAP 2016, at *9 (Pa. April 19, 2016). No decision has yet been handed down.

That case involves a 14 year old, Qu'eed Batts, who was convicted of a first degree murder and sentenced to a mandatory life sentence in 2007 without the possibility of parole. After a number of trips to the Pennsylvania Superior and Supreme Courts, he is still under the same mandatory life sentence. See Commonwealth v. Batts, 974 A.2d 1175 (Pa. Super. Ct. 2009); Commonwealth v. Batts, 66 A.3d 286 (Pa. 2013); Commonwealth v. Batts, 125 A.3d 33, 35 (Pa. Super. Ct. 2015); Commonwealth v. Batts, 135 A.3d 176 (Pa. 2016). On April 19, 2016 the Pennsylvania Supreme Court granted Batts' petition for allowance of appeal on the following issues:

> (1) In Miller v. Alabama, the U.S. Supreme Court outlawed mandatory life without parole for juveniles (LWOP), and instructed that the discretionary imposition of this sentence should be 'uncommon' and reserved for the 'rare juvenile offender whose crime reflects irreparable corruption.'
>
> (i) There is currently no procedural mechanism to ensure that juvenile LWOP will be 'uncommon' in Pennsylvania. Should this Court exercise its authority under the Pennsylvania Constitution to promulgate procedural safeguards including (a) a presumption against juvenile LWOP; (b) a requirement for competent expert testimony; and (c) a 'beyond a reasonable doubt' standard of proof?
>
> (ii) The lower court reviewed Petitioner's sentence under the customary abuse of discretion standard. Should the Court reverse the lower court's application of this highly

>           deferential standard in light of
>           Miller?
>
>           (2) In Miller, the U.S. Supreme Court stated
>           that the basis for its individualized
>           sentencing requirement was Graham's
>           comparison of juvenile LWOP to the death
>           penalty.  The Petitioner received
>           objectively less procedural due process than
>           an adult facing capital punishment.  Should
>           the Court address the constitutionality of
>           the Petitioner's resentencing proceeding?

Commonwealth v. Batts, 135 A.3d 176 (Pa. 2016).

Whether or not the decision of the Pennsylvania Supreme Court will resolve all the procedural issues for the resentencings of Lewis and Walton to the satisfaction of the respondents is open to question.

On January 23, 2017, after this court learned that the state court had delayed the resentencings, it ordered the respondents to file responses to the petitioners' applications for relief under § 2254.  On March 29, 2017, this court held oral argument on the applications.

The Supreme Court handed down its decision in Miller in 2012 and its decision in Montgomery on January 25, 2016.  It is now well over fourteen months since the Supreme Court ruled that persons such as Lewis and Walton who are serving unconstitutional sentences are entitled to new sentencing hearings.  In the interest of federalism, this court accepted the word of the state authorities that resentencings would take

place on November 1 and 2, 2016 and deferred to the state court's schedule. The resentencings, as noted above, have now been indefinitely stayed without notice to this court.

The respondents, of course, cannot assure this court when the resentencings will take place. Under the circumstances, we cannot stand idly by while procrastination prevails in Lancaster County. Awaiting a decision by the Pennsylvania Supreme Court in Batts, which may or may not clarify the procedure under state law for resentencing in these cases, cannot be used as an excuse to thwart a ruling of the United States Supreme Court and petitioners' constitutional right to be protected against the infliction of cruel and unusual punishment. The Commonwealth cannot delay the resentencings because it says it cannot figure out what state procedure to follow in doing so. Otherwise, a state could always circumvent a United States Supreme Court ruling. At oral argument, the Assistant District Attorney conceded that other counties in Pennsylvania including Lehigh, Philadelphia, and York are proceeding with resentencings in similar cases without waiting for a decision in Batts. There is no just reason why Lancaster County should not follow the example of other

Pennsylvania counties to say nothing of the mandate of the United States Supreme Court.[2]

There is a presumption in favor of the release of a prisoner pending review of a decision on a habeas petition ordering his or her release. See Fed. R. App. P. 23(c). In considering this presumption, the court must take into account the usual factors governing the issuance of a stay. They are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). In the habeas context, the Supreme Court also requires us to consider the risk that the prisoner will be a flight risk or pose a danger to the public if released. Id. at 777.

There is no dispute that the merits strongly favor Lewis and Walton. Respondents concede they are entitled to be

---

2. In an exhibit to his brief in opposition to the respondents' motion for a stay pending appeal, petitioner Lewis has attached a list of twenty counties of Pennsylvania which are proceeding with or have completed resentencing hearings. They are: Adams, Allegheny, Chester, Crawford, Dauphin, Delaware, Fayette, Indiana, Lebanon, Lehigh, Mercer, Monroe, Northampton, Philadelphia, Susquehanna, Tioga, Venango, Westmoreland, Wyoming, and York.

resentenced under Miller and Montgomery.³ Nor has the Commonwealth shown that it will be irreparably injured absent a stay. Clearly the public interest lies in upholding the Eighth Amendment to the Constitution which prohibits cruel and unusual punishment.

The only issue is the timing of the new sentencing hearings. This court has granted the Commonwealth a generous four months to do what is required. Significantly, respondents do not say in their motions for stay that resentencing cannot be accomplished by July 31, 2017. This time interval mitigates against any risks from premature release of the petitioners, who have been incarcerated since they were 17 years old and have already served over twenty years in prison.

If some unforeseen and compelling reason arises, a party may apply for further relief from this court. However, a request for delay to await the decision in Batts or for some other meritless reason will not be accepted. We assume and fully expect that Lancaster County will provide petitioners expeditiously with the necessary resources for investigation and

---

3. Respondents argue that Lewis and Walton have failed to exhaust their state court remedies in seeking habeas relief. They offer no support for this claim and have even conceded that Lewis and Walton are entitled to be resentenced. The argument that Lewis and Walton have failed to exhaust their state court remedies is totally without merit.

experts so that meaningful resentencing hearings can take place by the July 31, 2017 deadline.

The respondents here are simply seeking to delay without justification the constitutional right of Lewis and Walton to be resentenced. More than a year of delay since Montgomery is enough. It is time to get on with it.

Accordingly, the motions of respondents for a stay pending appeal will be denied.